IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nathaniel Williams, #56082-019,<br><br>Petitioner,<br><br>v.<br><br>Michael Pettiford, Warden; Harley Lappin,<br><br>Respondents. | ) | C.A. No.: 6:06-1831-PMD-WMC<br><br>**ORDER** |

This matter is before the court upon Petitioner Nathaniel Williams's ("Williams" or "Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R recommends that Respondents' Motion for Summary Judgment be denied and Petitioner's habeas writ be granted. A party may object, in writing, to an R&R within ten days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1). Respondents filed timely objections to the R&R.

**BACKGROUND**

Williams is currently incarcerated at the United States Medical Center for Federal Prisoners in Springfield, Missouri, with a projected release date of August 28, 2009, via Good Conduct Time ("GCT") release. On December 16, 2004, he was sentenced to a 77-month term of incarceration in the United States District Court for the Northern District of Georgia for violating 18 U.S.C. § 922(g).

At the time he filed his petition, Williams was incarcerated at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina. He named Michael Pettiford, Warden of FCI Bennettsville, and Harley Lappin, Director of the Bureau of Prisons ("BOP"), as the Respondents in his petition. In his § 2241 petition, Williams attacks the validity of the BOP's regulations regarding whether the BOP has the sole authority to transfer him to a Community Confinement Center or home confinement at any time during his incarceration. (*See* Pet. at 1.)[1] Petitioner seeks an order directing the BOP to consider him for home confinement or CCC placement for greater than six months.

On September 5, 2006, Respondents filed a Motion to Dismiss, or in the alternative, for Summary Judgment. By Order filed September 6, 2006, Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 25, 2006, the Magistrate Judge granted Petitioner's Motion for Extension of Time, giving Petitioner through October 31, 2006, to respond to Respondents' motion. On September 29, 2006, Petitioner filed his Response in Opposition to the Motion to Dismiss as well as a Motion to Amend his petition. On October 27, 2006, the Magistrate Judge granted Petitioner's Motion to Amend, giving Petitioner through November 17, 2006, to file his amended petition. Williams, however, did not file an amended petition.

On July 25, 2007, Magistrate Judge William Catoe issued an R&R in which he recommended denying Respondents' Motion for Summary Judgment and granting Williams's habeas petition. (*See* R&R at 10.) On August 14, 2007, Respondents filed objections to the R&R.

---

[1]On March 31, 2006, the BOP Executive Staff approved changing the name from Community Corrections Center ("CCC") to Residential Reentry Center. For purposes of this Order, the prior term will be used.

**STANDARD OF REVIEW**

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Respondents' objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**ANALYSIS**

In the R&R, Magistrate Judge Catoe states, "While no controlling authority exists in the Fourth Circuit, this court finds that the 2005 regulations are invalid . . ." (R&R at 10.) Respondents object to this determination, asserting that while several Courts of Appeals have held the 2005 regulations invalid, "in each of the decisions, at least one Circuit Judge has dissented, finding the regulation to be a valid categorical exercise of the agency's discretion." (Objections at 1.) According to Respondents, "[t]he fact that each Circuit opinion has a well-reasoned dissent suggests that this issue is still open for critical debate and consideration." (Objections at 2.) Furthermore, Respondent asserts that while the Fourth Circuit has not resolved this issue, "several District Courts, both in and out of the circuit, have agreed with the dissenting Circuit Judges, holding that the categorical exercise of discretion in the . . . [regulations] is appropriate." (Objections at 2.) Before reviewing the merits of Respondents' arguments, the court will first review the language of the statutes and regulations at issue in this case.

Title 18, United States Code, section 3621 provides, in relevant part,

> **(b) Place of imprisonment.–**The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or

> correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
>
> **(1)** the resources of the facility contemplated;
>
> **(2)** the nature and circumstances of the offense;
>
> **(3)** the history and characteristics of the prisoner;
>
> **(4)** any statement by the court that imposed the sentence–
>
> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

18 U.S.C. § 3621(b). Furthermore, § 3624(c) states,

> **(c) Pre-release custody.–**The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c).

According to Respondents, prior to December 13, 2002, the BOP "followed a practice of placing prisoners in pre-release [CCC's] for up to the last six months of their sentences, regardless of the length of their sentences." (Mot. to Dismiss at 4.) However, on December 13, 2002, the BOP "concluded that 18 U.S.C. § 3621(b) did not provide the BOP the authority to place prisoners in community pre-release confinement for any period exceeding that set forth in the statute." (Mot.

to Dismiss at 4.) The BOP concluded that placement in community confinement did not constitute imprisonment and that "placement by the BOP in such confinement is clearly limited to a period not to exceed six months, of the last ten percentum of the term to be served." (Mot. to Dismiss at 4.)

On August 18, 2004, the BOP published a proposed rule document for notice and comment in the Federal Register. *See* Community Confinement, 69 Fed. Reg. 51213-01 (proposed Aug. 18, 2004) (to be codified at 28 C.F.R. pt. 570). On January 10, 2005, the BOP published a final rule document in the Federal Register. *See* Community Confinement, 70 Fed. Reg. 1659-01 (Jan. 10, 2005) (to be codified at 28 C.F.R. pt. 570). These regulations became effective February 14, 2005, and are codified at 28 C.F.R. §§ 570.20 and 570.21 (the "2005 regulations"). These regulations provide,

> **§ 570.20 What is the purpose of this subpart?**
> (a) This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.
> (b) As discussed in this subpart, the term "community confinement" includes Community Correction Centers (CCC) (also known as "halfway houses") and home confinement.
>
> **§ 570.21 When will the Bureau designate inmates to community confinement?**
> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. 4046(c)).

Based on the BOP's new regulation, Williams will be eligible for CCC placement on February 28, 2009. (*See* Mot. for Summ. J. Ex. 1.) Williams, however, asks the court to order the BOP to consider him for placement in a CCC without regard to the 2005 regulations. (*See* Petition

at 1-2.) As the Magistrate Judge noted, the question before the court is whether the 2005 regulations, which categorically restrict placement of an inmate in a CCC to no more than ten percent of his sentence, not to exceed six months, are invalid. (*See* R&R at 5.)

All the Courts of Appeals that have considered the issue have held the regulations invalid. *See Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005). After noting that none of the cases were controlling, the Magistrate Judge found the Eighth Circuit's reasoning in *Fults* to be particularly persuasive. (*See* R&R at 5.)

In *Fults*, the Eighth Circuit reviewed the district court's decision to strike down the 2005 regulations on the basis of a conflict with 18 U.S.C. § 3621(b). *Fults*, 442 F.3d at 1089. Fults had been sentenced to an eighteen-month term of incarceration, and pursuant to the 2005 regulations, he would have been limited to forty-seven days in a CCC. *Id*. Seeking to be transferred to a CCC for 180 days, Fults filed suit, contending, *inter alia*, that the regulations "misconstrue[] the discretion granted to the BOP by § 3621(b)." *Id*. The district court ordered the BOP "to consider in good faith whether to transfer Fults to a CCC to serve the final 180 days of his sentence." *Id*.

The BOP appealed, and the court first noted that an agency's interpretation of a statute that it is entrusted to administer is generally entitled to deference but that there is no need to defer to that interpretation if Congress's intent is clear. *Id*. at 1090 (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984); *Haug v. Bank of America, N.A.*, 317 F.3d 832, 835 (8th Cir. 2003)). The Eighth Circuit did not defer to the BOP's interpretation, however, finding "that the BOP's interpretation of the statute is contrary to the statute's unambiguous language." *Id*.

The Eighth Circuit also noted that § 3621(b) "provides the BOP with broad discretion to

choose the location of an inmate's imprisonment." *Id*. The BOP argued its categorical exercise of discretion in the 2005 regulations was consistent with *Lopez v. Davis*, 531 U.S. 230 (2001). However, the Eighth Circuit disagreed:

> In *Lopez*, the Supreme Court addressed the BOP's categorical exercise of discretion under 18 U.S.C. § 3621(e)(2)(b), which stated that an inmate convicted of a non-violent offense could have his or her period of incarceration reduced after successfully completing a drug treatment program. The BOP had issued a regulation excluding inmates from early release under this provision if they were convicted of non-violent crimes involving firearms. 28 C.F.R. § 550.58(a)(1)(vi)(B). The Supreme Court upheld the regulation stating that nothing in the statute at issue prohibited "categorical exclusions." *Lopez*, 531 U.S. at 243.
>
> We believe that *Lopez* is distinguishable from this case. As the *Lopez* Court noted, "constraints . . . requiring the BOP to make individualized determinations based only on postconviction conduct–are nowhere to be found in § 3621(e)(2)(b)." *Id*. at 241-42. In fact, the subsection at issue in *Lopez* offers no specific criteria to be considered–other than the overarching criterion that only nonviolent offenders are eligible for early release. Accordingly, the BOP can make categorical decisions within that class of offenders without violating that subsection.
>
> Subsection 3621(b) is different from § 3621(e)(2)(b) in that the former lays out criteria that must be considered by the BOP in making placement determinations. Three of these factors–that nature and circumstances of the offense, the history and characteristics of the prisoner, and any statement by the court that imposed the sentence–cannot be fully considered without evaluating inmates on a case-by-case basis. Accordingly, *Lopez*, which dealt with a subsection void of any individual criteria, is not controlling.

*Id*. at 1090-91 (footnote omitted).[2]

The Eighth Circuit then noted that the only Court of Appeals to have ruled on the validity

---

[2]The other Courts of Appeals rejected the BOP's *Lopez* argument. *See Wedelstedt*, 477 F.3d at 1167-68 ("Because we determine § 3621(b) to be clear, unambiguous, and distinguishable from the statutory provision in *Lopez*, we reject Respondent's contention that *Lopez* validates the BOP's categorical rule in 28 C.F.R. § 570.21."); *Levine*, 455 F.3d at 84-87 (distinguishing the case before it from *Lopez* because at least three of the statutory factors that must be considered are specific to individual prisoners); *Woodall*, 432 F.3d at 247 ("In sum, individual determinations are required by § 3621(b). *Lopez* therefore does not control. While the BOP may exercise considerable discretion, it must do so using the factors the Congress has specifically enumerated.").

of the BOP's 2005 regulations (at that time) was the Third Circuit in *Woodall*. *Id*. at 1091. In *Woodall*, the Third Circuit held the 2005 regulations invalid because the regulations do not allow the BOP to consider three of the factors in § 3621(b), despite the fact that § 3621(b) indicates those factors must be taken into account. *See Woodall*, 432 F.3d at 244. The BOP's first counter-argument was that "§ 3621(b) provides the BOP with the discretion to consider the enumerated factors, but not the duty to do so." *Fults*, 442 F.3d at 1091. The Eighth Circuit disagreed, finding that the term "may" in § 3621(b) "describes the BOP's discretionary ability to place an inmate in any penal facility that meets the appropriate standards" but "does not modify the BOP's duty to consider the five enumerated factors when making placement decisions." *Id*. at 1092. The BOP's second counter-argument was that it did consider the enumerated factors in making its decision "to categorically exclude from CCC placement those inmates not within the last ten percent of their sentences." *Id*. at 1091. The court rejected this argument on the grounds that three of the five factors in § 3621(b) relate to an inmate's individual circumstances, so "it would not have been possible for the BOP to consider all of the factors when it promulgated the regulations." *Id*. at 1092.

The Eight Circuit found the BOP's last counter-argument to be the most persuasive one. *Id*. The BOP argued that the § 3621(b) factors "need not be considered until the BOP considers whether a specific individual should be transferred." *Id*. Although the court noted this argument was the focal point of the dissent in *Woodall*, the court disagreed with the BOP:

> A BOP decision to not transfer an inmate–or, as in this case, a group of inmates–requires the same consideration of the § 3621(b) factors as does the decision to transfer an inmate to a CCC. It is impossible for the BOP to consider all five factors on a categorical basis. As such, the BOP's regulation necessarily conflicts with § 3621(b) by excluding an entire class of inmates–those not serving the final ten percent of their sentences–from the opportunity to be transferred to a CCC.

*Id*. The court thus affirmed the decision of the district court, but as the Respondents in the case *sub*

*judice* note, one circuit judge dissented. *See id*. at 1093 (Riley, J., dissenting). Judge Riley stated the 2005 regulations "use the BOP's discretionary authority under section 3621(b) to bring the BOP's procedures into compliance with section 3624(c)." *Id*. Judge Riley further stated,

> I am convinced the BOP's categorical rules governing transfer of inmates to CCCs, and implementing section 3624(c), do not conflict with the factors enumerated in section 3621(b). . . .
>
> Section 3621(b)'s requirement that the BOP make individualized assessments when transferring inmates to CCCs applies only when the BOP elects to consider whether to make a transfer. The BOP is not required to consider transferring any inmate under its custody before the point in an inmate's sentence identified by statute.

*Id*.

In the case *sub judice*, Respondents object to Magistrate Judge Catoe's recommendation, stating that its basic premise "is that the Bureau's rule interpreting 18 U.S.C. § 3624(c) conflicts with the mandates of 18 U.S.C. § 3621(b)." (Objections at 2.) Respondents reiterate their belief "that there is no conflict between the Bureau's rule and the two statutes which requires the Court to invalidate the 2005 rule." (Objections at 2-3.) Respondents state,

> Respondent respectfully submits that the proper reading of the two statutes is to do so in such a way that each statute retains its effectiveness. Adopting the Recommendation, however, would not do that. To do as the Recommendation recommends, and not construe § 3624(c) as a limitation on the Bureau's § 3621(b) discretionary authority would vitiate § 3624(c)'s 10 % restriction, therefore violating the fundamental principle of statutory construction that courts must be reluctant to treat statutory terms as surplusage in any setting.

(Objections at 3-4.) The Tenth Circuit's opinion in *Wedelstedt* addresses this argument.

In *Wedelstedt*, the respondent appealed the district court's order "invalidating the BOP's categorical refusal to consider placing an inmate in a CCC until the last ten percent of his sentence." *Wedelstedt*, 477 F.3d at 1164. Relying on *Levine*, *Fults*, and *Woodall*, the district court determined it owed no deference to the BOP's interpretation of § 3621(b) because Congress had spoken on the

"precise question at issue." *Id*. at 1165. On appeal, the respondent argued § 3621(b) was ambiguous if read alone and that as a result, it should be read in combination with § 3624(c). *Id*. at 1166. The Tenth Circuit disagreed:

> Aside from referencing the congressional "policy" articulated in § 3624(c), . . . Respondent provides no support for the position that Congress intended § 3624(c) to modify or limit the BOP's placement discretion under § 3621(b). Nowhere does Respondent explain why or how § 3621(b) is incomplete or ambiguous unless it is read in context with § 3624(c).
>
> After considering the language of § 3621(b) and the relationship between its qualified grant of discretion and § 3624(c)'s affirmative obligation, this court sees no conflict between these statutory provisions. The statutory command in § 3621(b) stands alone as a clear and unambiguous articulation of congressional intent regarding the process by which the BOP should make placement and transfer decisions. Although § 3624(c) surely imposes an affirmative obligation on the BOP, whenever practicable, to place an inmate in a CCC or other form of community confinement as the inmate's release date nears, § 3624(c) has no bearing on whether a CCC may be considered as a place of imprisonment at some earlier point in a prisoner's period of incarceration. In this court's view, § 3624(c) has no bearing on whether §§ 570.20 and 570.21 are consistent with the § 3621(b) statutory scheme for BOP placement and transfer determinations.

*Id*. (citations omitted); *see also Woodall*, 432 F.3d at 250 ("[Section] 3624 does not determine when the BOP should *consider* CCC placement, but when it must *provide* it."); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) ("Under § 3621(b), the BOP may place a prisoner in a CCC for six months, or more. Under § 3624(c) the BOP must formulate a plan of pre-release conditions."); *Kiley v. Fed. Bureau of Prisons*, 333 F. Supp. 2d 406, 413 n.15 (D. Md. 2004) ("Reading § 3621(b) as authorizing the BOP to designate a prisoner to a CCC at the outset of his term would render § 3624(c) superfluous, the BOP contends. The Court disagrees. Section 3621(b) grants the BOP the discretion to designate prisoners to a CCC at the outset of their terms, while § 3624(c) mandates that the BOP move prisoners to a CCC or home confinement near the end of their terms."); *cf. Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any

intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."). Indeed, as the First Circuit stated, "while § 3624(c) clearly limits the BOP's discretion *not* to consider community confinement or other pre-release alternatives at the end of a prisoner's term, it does not prohibit the BOP from doing so earlier pursuant to a different grant of discretionary authority." *Goldings v. Winn*, 383 F.3d 17, 24 (1st Cir. 2004). Finding the reasoning of the several Courts of Appeals to be persuasive, the court determines Respondents' objection is without merit.

Respondents also object to the Magistrate Judge's adoption of the *Fults* decision, arguing that to do so "ignores an important Fourth Circuit precedent." (Objections at 7.) Respondents cite *Trowell v. Beeler*, 135 Fed. App'x 590 (4th Cir. 2005), to support their argument. In *Trowell*, the petitioner appealed the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Trowell*, 135 Fed. App'x at 591. Trowell sought review of the BOP's rejection of his request to designate, nunc pro tunc, the state facility where he served a state sentence as the place for serving his federal sentence. *Id*. On appeal, he argued the "BOP abused its statutory discretion by rejecting his nunc pro tunc designation request solely on the basis of the sentencing court's objection." *Id*. at 594.

The Fourth Circuit found Trowell's argument meritorious and concluded "that in rejecting Trowell's request solely on the basis of the sentencing court's objection, BOP abdicated its statutory responsibility to bring its independent judgment to bear on the matter." *Id*. The court examined the language of § 3621(b), noting the statute "specifically directs BOP to consider five factors in making this determination." *Id*. The Fourth Circuit continued, "BOP may not simply defer to the expressed views of the federal sentencing court; rather, BOP must exercise its own independent judgment,

taking into account all applicable factors in § 3621(b), including the views of the sentencing court." *Id*. at 596. Then, in a footnote, the court provided the language upon which Respondents rely:

> We emphasize that we do not hold that BOP must consider each factor listed in § 3621, but rather only that it must consider each factor that is relevant to its decision in ruling on a nunc pro tunc designation request. We also emphasize that in remanding for the BOP to consider each relevant factor, we do not hold that BOP must give each relevant factor equal weight.

*Id*. at 596 n.4. Respondents assert this passage indicates the Fourth Circuit "recognizes the inherent discretion which Congress vested in the Bureau when classifying and designating prisoners, by listing a non-exhaustive set of factors for the agency to consider and giving the agency the authority to decide which factors are relevant to its decision." (Objections at 7.)

While true that the Fourth Circuit stated the BOP must consider only the relevant factors in § 3621(b), the court also noted the statute specifically directs BOP to consider the five factors in making this determination. The court thus does not agree with Respondents' interpretation of *Trowell*; the Fourth Circuit simply stated in *Trowell* that the BOP "must exercise its own independent judgment, taking into account all applicable factors in § 3621(b)." *Id*. at 596. Furthermore, the Fourth Circuit reversed the district court, concluding the BOP "abused its discretion when it rejected Trowell's nunc pro tunc designation request solely on the basis of the federal sentencing court's objection." *Id*. The court thus does not read *Trowell* to give the BOP the ability to pick and choose which factors listed in § 3621(b) it will consider. Respondents' objection is thus without merit.

The court agrees with the Magistrate Judge's recommendation and determines Respondents' objections are without merit. The court acknowledges that some courts have held that the 2005 regulations are valid. *See, e.g., Lee v. United States*, No. Civ. A. 04-0610-CG-C, 2005 WL 2179796

(S.D. Ala. Sept. 6, 2005); *Moss v. Apker*, 376 F. Supp. 2d 416, 421-22 (S.D.N.Y. 2005); *see also Woodall*, 432 F.3d at 244 n.10 (collecting cases). However, as the Magistrate Judge noted, the undersigned adopted the R&R of United States Magistrate Judge Joseph R. McCrorey in *Korda v. United States*, No. 3:06-0553-PMD, 2007 WL 712286 (D.S.C. Mar. 6, 2007). In dicta, Judge McCrorey stated,

> As discussed in Respondents' memorandum, the district courts have differed in their analysis and viability of the February 2005 rule. Two circuit courts have found the rule invalid because of the exercise of "categorical discretion" by the BOP limits the statutory directive to individually apply the factors set forth in 28 U.S.C. § 3621(b). The undersigned concludes the weight of authority holds the BOP regulation to be invalid.

*Korda*, 2007 WL 712286, at *2 (citations omitted). Based upon the reasoning in the R&R, and the above discussion, the court determines the 2005 regulations are invalid. The court therefore denies Respondents' Motion for Summary Judgment and grants Williams's habeas writ. The BOP should consider whether Williams should be transferred to a CCC without regard to the 2005 regulations.

**CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Respondents' Motion for Summary Judgment is **DENIED**. It is further **ORDERED** that Williams's habeas writ is **GRANTED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 10, 2007**